```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
|     Plaintiff, | ) Civil Action No. 5:05-513-JMH |
| | ) |
| v. | ) |
| | ) |
| JAMES T. HEARN, et al., | ) |
| | ) **MEMORANDUM OPINION & ORDER** |
|     Defendants. | ) |

                    \*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court upon the motion of the defendants, Leonard J. Roy and Esther R. Roy, to dismiss this matter for lack of subject matter jurisdiction [Record No. 4]. Plaintiff Owners Insurance Company ("Owners") filed a response [Record No. 10]. Fully briefed, this matter is ripe for a decision.

## BACKGROUND

Defendants Leonard J. Roy and Esther R. Roy purchased a home in Garrard County, Kentucky on May 20, 2004, and subsequently discovered problems that they allege were caused in part by Defendant James T. Hearn's faulty work. The Roys filed suit in Garrard County Circuit Court against Hearn; his company Tommy Hearn, Heating and A/C, LLC; A. Dewayne Holland; and his company D. Holland Homes, LLC. This state court action is currently pending.

As to the Roys' claims against Hearn and his company, the Roys allege, *inter alia*, that the HVAC system installed by Hearn "was not installed in compliance with the industry's building codes,"

"none of the joints in the system had been properly sealed," and "the duct work was not properly insulated, allowing condensation, and causing humidity levels above the normal level, thereby resulting in the growth of mold." (Compl. ¶ 13.)

Owners issued a policy in which the named insured is described as "James T. Hearn," an individual in the heating and air conditioning business. Owners filed this declaratory judgment action after the Roys had filed their claims in state court. In its complaint for declaratory judgment, Owners states that the insurance policy issued to Hearn does not provide liability insurance coverage for those claims and causes of action alleged by the Roys in their state court complaint against Hearn. The Roys have moved to dismiss this action, arguing that this Court should exercise its discretion and decline to exercise jurisdiction over this matter.

## ANALYSIS

**A.   The Declaratory Judgment Act**

The Declaratory Judgment Act (hereinafter, "the Act") states in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). Whether a district court exercises jurisdiction under this statute, however, is within its discretion.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (noting that Congress, through the Act, "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants").

The plaintiff in this declaratory judgment action is an insurance company. The defendants are the plaintiffs and defendants in another action pending in circuit court in Garrard County, Kentucky. Generally, in cases in which an insurance carrier seeks a declaratory judgment in federal court about coverage when its insured has been sued in state court, "'declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court.'" *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). Instead, this type of declaratory action is better "'filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.'" *Id.* (quoting *Manley*, 791 F.2d at 463). On the other hand, there is no "per se rule against a district court's entertaining a declaratory judgment action to determine an insurer's liability when a tort action is pending against its insured in a state court." *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990), *abrogated on other grounds by Wilton*, 515 U.S. at 289-90.

District courts should consider the following five factors in

deciding whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

**B.   Propriety of Exercising Jurisdiction**

To determine whether it is appropriate to exercise jurisdiction in this matter, the Court will apply the above factors to the facts of this case.

   *1.   Whether the judgment would settle the controversy*

In *Bituminous Casualty Corp. v. J & L Lumber Co.*, the Sixth Circuit examined a district court's decision to decide a declaratory judgment action while two state court actions were pending and when "all three courts had to address the identical question of whether the [injured party] was an employee of [the insured]." *Bituminous Casualty*, 373 F.3d at 813. Noting several reservations, including the possibility of inconsistent judgments among the state and federal courts and the fact that a declaration of insurance coverage would not resolve the controversy because the injured party was not made a party to the declaratory judgment

4

action, the Sixth Circuit concluded that this factor weighed against exercising jurisdiction.  *Id.* at 813-14.

In the case *sub judice*, a declaratory judgment would resolve the controversy over whether the policy covers damage allegedly caused by Hearn's work.  Unlike the situation in *Bituminous Casualty*, that controversy is the issue Owners seeks to have adjudicated in this Court and that issue is not pending before the state court.  In the case cited by the Roys, *Westfield Ins. Corp. v. Mainstream Capital Corp.*, 366 F. Supp. 2d 519 (E.D. Mich. 2005), the United States District Court for the Eastern District of Michigan found that determining an insurance policy coverage issue would not resolve the dispute because it would not "result in a conclusive pronouncement on whether [the insurer] must indemnify [the insured] at all, since there are certain categories of damages claimed . . . that apparently fall within the scope of the CGL policy and some that do not."  *Id.* at 522.  Furthermore, the insurer in *Westfield* conceded that it may be liable to indemnify its insured for some of the damages claimed by the injured party, so the court was reluctant to exercise jurisdiction when its determination would only decide what categories of damages that the insurer would have to pay and therefore would not resolve the controversy.  *Id.*  Accordingly, the Court finds that the first factor weighs in favor of exercising jurisdiction in this case.

>    2.   *Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue*

A declaratory judgment in this action would clarify the legal relations between Owners and the defendants. *See Scottsdale*, 211 F.3d at 968 ("[A] prompt declaration of policy coverage would surely 'serve a useful purpose in clarifying the legal relations at issue.'"). The action pending before the state court does not turn on whether Hearn's insurance policy with Owners covers property damage arising out of work he performed. Answering the question of whether Hearn's insurance policy provides coverage under these circumstances may not assist the state court in resolving the issues before it, but it will not conflict with the state court's conclusions and it will serve a useful purpose in clarifying and settling the legal relations to the extent that they arise from the policy. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 453 (6th Cir. 2003). Based on this reasoning, the Court finds that this factor weighs in favor of exercising jurisdiction.

> 3. *Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"*

The Roys note that Owners filed this declaratory judgment action two and a half months after they brought suit in Garrard County Circuit Court. Based on this time line alone, the Court finds no indication that Owners seeks a declaratory judgment as a means of "procedural fencing" or as part of a "race for res judicata." *Scottsdale*, 211 F.3d at 968. The state court complaint does not name Owners as a party to the underlying state court suit,

6

and insurance coverage does not appear to be an issue in the suit. There is no support for the argument that Owners has filed this action in an attempt to obtain a favorable judgment in this Court while avoiding the risk of an adverse ruling in state court. Accordingly, the Court does not find any evidence of an improper motive in Owners' filing of this action.

>    *4.   Whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction*

District courts consider the following three additional factors when undertaking the analysis under the fourth factor:

> 1.   whether the underlying factual issues are important to an informed resolution of the case;
> 2.   whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> 3.   whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* (citing *Wilton*, 515 U.S. at 277). Regarding the first consideration, the Roys argue that resolution of the insurance coverage issue necessarily requires resolution of certain factual issues surrounding the complaint they filed in state court. The Roys argue that the state court is in a better position to resolve those issues. Owners counters that this Court's determination of insurance coverage will not increase friction between state and federal courts because the factual issues relevant in the state

7

court case are not relevant to the insurance coverage issue in this case. In their motion, the Roys did not present any factual issues the resolution of which are necessary to determine the scope of the insurance coverage. As there are no factual issues that must be resolved prior to addressing the insurance coverage issue, the Court finds that this first consideration weighs in favor of exercising jurisdiction. Because the second consideration — whether the state court is in a better position to evaluate those factual issues than is the federal court — necessarily implies that facts are in dispute, this consideration is inapplicable.

With respect to the third consideration, the insurance coverage issue is governed solely by Kentucky law. *Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir. 1994) (applying Kentucky law in a diversity insurance case). No state law or policy, however, would be frustrated by this Court's exercise of jurisdiction, which would require the application of Kentucky law. The scope of insurance coverage is not before the state court; therefore, as stated by the Sixth Circuit in *Northland*, a decision by the district court on the scope of insurance coverage issued "would not offend principles of comity." *Northland*, 327 F.3d at 454. It does not appear that a declaratory judgment would create friction between the state and federal courts.

    5.   *Whether there is an alternative remedy that is better or more effective*

Regarding the final factor, and as noted by the Roys, Owners

could have presented this declaratory judgment action in the same state court deciding the Roys' pending litigation. The Sixth Circuit has held that a state court civil action on indemnity issues is usually a better remedy than a declaratory judgment action in federal court. *See Allstate*, 913 F.2d at 278. As previously stated, however, this Court's prompt declaration of policy coverage would clarify the legal relations at issue. Moving for a declaratory judgment or intervening in the state court action would not necessarily have provided a better or more effective remedy, and it appears that Owners decided, based on its own reasoning, to bring the declaratory action in federal court rather than state court.

On balance, these factors weigh in favor of exercising jurisdiction over Owners' declaratory judgment action.

### CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that the Roys' motion to dismiss [Record No. 4] be, and the same hereby is, **DENIED**.

This the 5th day of October, 2006.



Signed By:

*Joseph M. Hood*

United States District Judge